| DANILO AUGUSTO FELICIANO | * | NO. 2025-CA-0360 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| SUSAN HUTSON, IN HER OFFICIAL CAPACITY AS | * | STATE OF LOUISIANA |
| ORLEANS PARISH SHERIFF AND NANCY RUTH LANDRY, | * | |
| IN HER OFFICIAL CAPACITY AS LOUISIANA SECRETARY | * | |
| OF STATE | * * * * * * * | |

*RLB*

**BELSOME, C.J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent. Although I reach the same result as the majority, I do so through a different path.

The Plaintiff's Notice of Appeal was timely filed at 3:44 p.m., on June 13, 2025. Arguably, the Plaintiff may have paid his bond 21 minutes late. We do not know what transpired that contributed to the delay. Our job is to administer justice. We have a sound judgment from the trial court together with a record that supports that judgment. Consequently, I would find that the trial judge did not abuse their vast discretion in dismissing the Plaintiff's case.

Election cases address the heart of our democracy. In contesting an election, it isn't enough to make unsupported allegations that question the integrity of the voting process. Proof is required. Here the plaintiff does nothing more than utilize speculation, supposition and innuendo to voice his opposition to a narrow outcome. These allegations were insufficient to move the trial judge and to move this writer.

Plaintiff asserts two assignments of error: that the Honorable Darren Lombard should have been dismissed, and; that the statutory guidelines of HAVA should be applied to State wide elections.

The trial Court correctly denied Plaintiff's motion to dismiss Mr. Lombard from the trial. "A third person having an interest therein may intervene in a

pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties." La. C.C.P. art. 1091. Lombard is the Chief Elections Officer for Orleans Parish and oversaw the recount of this election. He had a clear connection related to this case and a right to resist the Plaintiff's demand. Further, there is no prohibition against his intervention.

The second assignment of error asserts that the guidelines set out in the Help America Vote Act ("HAVA") should have been applied to this millage renewal proposition. The statutory language of HAVA applies to the State's administration of Federal elections. 52 U.S.C. § 21081(a). The Plaintiff's argument that this language should apply State-wide elections is without merit and unsupported.

I find that the trial court did not abuse their discretion or commit legal error in dismissing the Plaintiff's case that was lacking both factual and legal substance.

For these reasons, I dissent.